UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Buddy McDonald,<br><br>Plaintiff<br><br>v.<br><br>Enermech Mechanical Services, Inc.<br>and Valaris, PLC | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br><br>4:23-cv-00126 |

**Letter Brief Regarding Remand**

This Court held a hearing on March 20, 2023 where the Court aptly pointed out that the best solution may be to sever and remand the Jones Act claims and/or the general maritime claims, and allow any OCSLA claim to remain stayed in federal court pending resolution of the remanded claims.

Two questions are presented in this letter brief: 1. Whether non-removable Jones Act claims should be severed from otherwise removable claims, and 2. Whether closely related maintenance and cure and unseaworthiness claims should be remanded as well.

The answer to both questions is yes.

First, with respect to severance, as Judge Rosenthal explained in *Pelagidis v. Future Care, Inc.* "[a] Jones Act claim is severed and remanded if an otherwise removable separate claim is within federal-question jurisdiction under 28 U.S.C. § 1331."Many other Courts in the 5th Circuit have followed this same conclusion and the subsequent procedure by severing the Jones Act claims and remanding those claims to state court.[1]

[1] See e.g. *Ashcraft v. Cantium*, LLC, Civil Action 22-329-SDD-RLB, at *9-10 (M.D. La. Sep. 7, 2022); *Rawls v. Phillips 66 Co.*, CIVIL ACTION No. 14-602, at *2 (E.D. La. May 15, 2014); *Shultz v. Hercules Offshore, Inc.*, CIVIL ACTION No. 1:14-CV-188, at *6 (E.D. Tex. May 15, 2014);

Recent decisions by the 5th Circuit and other Federal District Courts have suggested that severance and remand is the appropriate course of action.

> "[A] growing chorus of district courts that have concluded that … general maritime law claims, saved to suitors, are not removable to federal court, absent some basis for original federal jurisdiction other than admiralty…The Fifth Circuit has more recently noted,[2] while again not ruling on the issue, that the "vast majority of district courts considering the question have maintained that such lawsuits are not removable."[3]

Defendant has not presented sufficient evidence to pierce the pleadings and support a basis for original federal jurisdiction under OCSLA. Severance and remand is appropriate and well-supported by the case law

Simply put, there is overwhelming authority for severing non-removable Jones Act and general maritime claims cases from OCLSA and other removable claims. Severance and remand of the Jones Act and general maritime claims is both routine and proper so this Court should remand those claims.

Second, closely related claims should remain together. In this case, the maintenance and cure and unseaworthiness claims are inextricably intertwined with the Jones Act claims. The U.S. Supreme Court has spoken on the importance of keeping related maritime claims together:

> "Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery. Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of *res judicata* and collateral estoppel, and can easily result in too much or too little recovery."[4]

[2] *Sangha v. Navig8 Ship Management PTE LTD*, 882 F.3d 96 (5th Cir. 2018) (citing *Langlois*, 139 F.Supp.3d at 809-10) (collecting cases).

[3] *Ashcraft v. Cantium, LLC*, Civil Action 22-329-SDD-RLB, at *9-10 (M.D. La. Sep. 7, 2022) (cleaned up).

[4] *Fitzgerald v. United States Lines*, 374 U.S. 16, 18-19 (1963)

In other words, when these claims are split up, significant and complicated problems arise for the attorneys, judge, and jury. Those problems can be prevented with severance and remand of both the Jones Act and closely related general maritime claims.

The Court's instincts at the hearing were correct. There is ample authority for severing non-removable Jones Act claims as well as keeping closely related claims together. Thus, the Court should remand the Jones Act, maintenance and cure, and unseaworthiness claims and stay any OCSLA or other purely federal claims pending the resolution of the state court claims.

Respectfully submitted,

**VB Attorneys**
/Brian Beckcom

Brian Beckcom
Brian@vbattorneys.com
SBN: 24012268
Brendan Fradkin
Brendan@vbattorneys.com
SBN: 24097706
6363 Woodway, Suite 400
Houston, Texas 77057
713-224-7800
713-224-7801 Facsimile
**Attorneys for Buddy McDonald**

Certificate of Service

A true and correct copy of the foregoing was forwarded to all counsel of record through the Court's E-filing system on this 30th day of March 2023.

*/s/ Brian Beckcom*

Brian Beckcom