Schouest
Bamdas
Soshea
BenMaier
& Eastham

MICHAEL W. HOGUE
mhogue@sbsb-eastham.com

March 31, 2023

The Honorable Christina A. Bryan
U.S. Magistrate Judge for the
Southern District of Texas
United States Courthouse
515 Rusk Avenue
Room 7007, Courtroom 701
Houston, Texas 77002

**RE:** Cause No. 4:23-cv-00126; B*uddy McDonald v. Enermech Mechanical Services, Inc., and Valaris PLC*; in the United States District Court for the Southern District of Texas, Houston Division.

Dear Honorable Judge Bryan:

Especially with respect to this Court's request and in accord with traditional practice among the Maritime bar, the parties have twice conferred in good faith but have been unable to agree. Defendant Enermech therefore offers the following letter brief as requested.

Plaintiff's letter brief (doc.18) cites and confuses clearly distinguishable cases as controlling. Generally, plaintiff relies on two types of cases; cases where there is no independent basis for federal jurisdiction other than admiralty and are thus not properly removable at all, and cases which include both removable and non-removable claims wherein removal is proper, but the non-removable claims must be severed and remanded (often by agreement of the parties). Because this case does not fall into either category, the authorities cited by plaintiff do not apply let alone control the result here. In short, while the Court may sever and remand the Jones Act claim, but not the general maritime claims of unseaworthiness and maintenance and cure, the safer and more efficient course has been well charted by *Pelagidis* and *Fitzgerald.* For the reasons below, the Court should instead deny remand by conducting the summary inquiry discussed in *Pelagidis* to avoid the confusion and inefficiency discussed in *Fitzgerald,* the US Supreme court case cited by plaintiff.

The *Pelagidis* case is most instructive and does not support Plaintiff's position that the Jones act and/or the general maritime claims of unseaworthiness and maintenance and cure should be severed and remanded. Rather as *Pelagidis* makes clear, the court may at the remand stage pierce the Jones act pleading to make a preliminary determination whether the case or any given claim should be remanded. Importantly, denial of remand is not a dismissal of the Jones act claim on the merits, i.e., the Jones act claim need not be dismissed on the merits at the remand stage in order to deny remand (see discussion beginning page 8 sec. ***9**) Further *Pelagidis* was remanded, *inter alia,* because there was no independent federal jurisdiction over the maritime claims (see

discussion at bottom of page 2 and top of page 3). Here, plaintiff does not dispute that OCLSA establishes statutory original federal jurisdiction over the maritime claims. Thus, for example the *Ashcraft* and *Sangha* case (and cases cited therein) quoted by plaintiff in their letter brief are not controlling or even relevant because, unlike this case, there was no basis for federal jurisdiction other than admiralty, stating; "…general maritime claims, saved to suitors, are not removable to federal court, **absent some basis for original federal jurisdiction other than admiralty"** (emphasis added).

The law is clear, and all parties here apparently agree that a case which includes both removable and non-removable claims may be removed. Where the Jones Act claim is not improperly pled to defeat removal the Jones act claim must be severed and remanded. But decisively, that is not the situation here. Rather, employer Enermech has filed its opposition to remand, including evidence by affidavit, (doc. 14) establishing that plaintiff has no reasonable chance of establishing a Jones act claim. The plaintiff has not responded with any contradicting evidence. Therefore, remand is ripe for determination and based on the applicable law and uncontradicted evidence here remand should be denied.

While *Landerman,* 19 F SUPP 3rd 678, appears to contradict defendant's position, respectfully, that case is not well reasoned and is otherwise problematic as well. The rationale for severance and remand of the Jones act claims only, but not the general maritime claims, in *Landerman* was in essence that since there was jurisdiction over the other claims which were properly removed and therefore not remanded, it was irrelevant whether the Jones act claim was improperly pled, because federal **jurisdiction** (as opposed to removal – see further discussion of *Pelagidis* below) over the maritime claims was not defeated. First, the *Landerman* ruling would vitiate the improper pleading doctrine as every case involving severance and remand of an included Jones Act claim perforce includes federal jurisdiction over the non-remanded claims, otherwise the entire case would be remanded. In other words, under *Landerman* the improper Jones Act claim doctrine could never apply in the **severance** and remand context, so the doctrine would be a legal nullity under this reasoning. Second plaintiffs argue that both the Jones Act claim and the general maritime claim against the employer, should both be severed and remanded, which *Landerman* does not countenance, thus defeating both removal and federal jurisdiction of all claims against the employer by the improper Jones Act pleading. Such a result would vitiate the improper pleading doctrine of Jones Act claims as to the employer, the only party who may assert the doctrine. Third, *Landerman* conflicts with *Pelagidis* which specifically recognizes this important nuance, stating "A Jones Act claim is fraudulent if it is made in an attempt to avoid **removal**" (emphasis added), as opposed to jurisdiction. Third, the *Landerman* ruling is significantly problematic given the Supreme Court's opinion in *Fitzgerald* cited by plaintiff (see below).

On the related albeit discrete issue of non-removeable statutory claims, all cases the parties have found with similar facts, rule specifically, and only with respect to the severance and remand of a **properly pled statutory** Jones act claim, which does not include the non-statutory general maritime claims against the employer. *Pelagidis* is again instructive on this discrete issue, stating at the bottom of page 7 "a court… is required to remand any of the claims that…**have been made non-removable by statute.**" (Emphasis added). To be clear, this generally correct statement from

*Pelagidis* read in proper context given the facts and evidence in this case does not mean the Jones Act claim should be severed and remanded because the uncontroverted evidence here establishes the Jones Act claim is not properly pled. Thus, the US Supreme Court *Fitzgerald* case cited by plaintiff weighs heavily in favor of this Court denying remand of both the improperly pled Jones Act and the maritime claims in order to avoid the very inefficiency and pitfalls discussed therein.

Counsel for co-defendant Valaris informs they believe there is a good faith basis for the reasoning and arguments herein. Defendant Enermech would be glad to brief the specific issue more expansively and/or appear before the Court for further proceedings.

Sincerely,

**SCHOUEST, BAMDAS, SOSHEA, BENMAIER & EASTHAM**

*/s/ Michael W. Hogue*
Michael W. Hogue