United States District Court
Southern District of Texas
**ENTERED**
May 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| BUDDY MCDONALD, *Plaintiff,* § § § | |
| v. § | CIVIL ACTION NO. 4:23-CV-0126 |
| § § | |
| ENERMECH MECHANICAL SERVICES, INC., AND VALARIS PLC *Defendants.* § § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff Buddy McDonald ("Plaintiff's") Motion to Remand (ECF 13).[1] Having considered the parties' submissions and the law, the Court RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART as follows.

**I.   Background**

On or about March 14, 2022, Plaintiff Buddy McDonald, a "hydraulic technician" assigned to perform "MHS and Umbilical services" on behalf of Defendant Enermech Mechanical Services, Inc. ("Enermech") (ECF 14-1 at ¶¶ 14, 22), was injured while working for Enermech aboard the *Valaris DPS-5*, a vessel allegedly owned by Defendant Valaris PLC ("Valaris").  ECF 1-1 at 5-6 (¶ 4.3).

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

Plaintiff filed a petition in the 157th Judicial District Court of Harris County, Texas on December 9, 2022.  ECF 1-1 at 4.  Plaintiff alleges that he is an "American Seaman," and brings claims under the Jones Act, 46 U.S.C. § 30104, as well as under the general maritime law of the United States.  *Id.* at 4 (¶ 2.1).  Plaintiff brings three claims: (1) claims against his "employer" under the Jones Act, (2) unseaworthiness, and (3) maintenance and cure.  *Id.* at 5-8.  Valaris filed a Special Appearance on January 12, 2023, stating that the Court "does not have jurisdiction over the person or property of Defendant" where, "[a]s of April 30, 2021, Valaris PLC no longer exists pursuant to a bankruptcy restructuring."  *Id.* at 31-32 (¶¶ 3-4).

After obtaining written consent to removal from Valaris, PLC, Enermech filed a Notice of Removal on January 12, 2023 (ECF 1).  First, Enermech alleges that the Court has original jurisdiction over this matter pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349.  *Id.* at ¶¶ 12-13.  Second, Defendant alleges that Plaintiff is not a "Seaman," and accordingly that his Jones Act claim is "baseless in law and fact and brought only to frustrate federal jurisdiction."  *Id.* at ¶ 15.

Plaintiff moves to remand, arguing that the Jones Act claim is not removable "under the saving-to-suitors clause of 28 U.S.C. § 1333, which grants seamen the choice to file in state or federal court."  ECF 13 at ¶ 2.1.  Plaintiff also argues that Enermech failed to meet its burden to show that (1) Plaintiff's Jones Act claims are

fraudulent; or (2) OCSLA applies in this case. *Id.* at ¶ 2.2. In its Response, Enermech reasserts its positions from its Notice of Removal that (1) OCSLA applies to Plaintiff's claims, and (2) Plaintiff's Jones Act claim is fraudulently pleaded, and that such cases are removable. ECF 14 at 2-3 (citing *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345 (5th Cir. 1999)). With respect to the Jones Act claim, Enermech urges the Court to "pierce the pleadings" to determine that Plaintiff's Jones Act claim was fraudulently pleaded to prevent removal. *Id.* at 5 (citing *Burchett v. Cargill*, 48 F.3d 173, 175 (5th Cir. 1995)).

The Court held an Initial Scheduling Conference on March 20, 2023. At the Conference, counsel for Valaris indicated that, consistent with its Special Appearance, the Parties were working to identify the proper defendant and substitute it into this action. *See also* ECF 15 at 3 (the parties' Joint Discovery and Case Management Plan indicating same). The Court discussed whether Plaintiff's Jones Act claims must be severed and remanded to state court under 28 U.S.C. § 1441(c)(2), and what procedures should be in place for any claims that would remain in federal court. The Court invited the parties to file Supplemental Letters by March 30, 2023, addressing the jurisdictional and procedural issues discussed at the Conference. Plaintiff filed a Letter Brief on March 30, 2023 (ECF 18), encouraging the Court to remand the Jones Act claim along with the "closely related maintenance and cure and unseaworthiness claims." *Id.* at 1. Defendant filed its

own Letter Brief (ECF 19) on March 31, 2023, urging the Court to pierce the pleadings and find Plaintiff's Jones Act claim to have been fraudulently pleaded, resulting in the denial of Plaintiff's Motion to Remand. ECF 19 at 1-2. Somewhat alternatively, Defendant argues in the Letter Brief that only the Jones Act claims could be severed and remanded, leaving Plaintiff's remaining claims in federal court. *Id*. at 2-3.

## II. Legal Standards

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The federal removal statute . . . is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). All doubts as to whether removal jurisdiction is proper should be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Defendants removed the suit pursuant to Title 28 U.S.C. § 1441(a) which allows for removal, "[e]xcept as otherwise expressly provided by an Act of Congress," of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." Additionally, Title 28 U.S.C. § 1441(c)

4

outlines the procedures to be followed when a civil action contains both removable and nonremovable claims:

> **(c) Joinder of Federal law claims and State law claims.—**
> **(1)** If a civil action includes--
> > **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> > **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> > the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

Thus, under Title 28 § 1441, "a civil action that includes a claim arising under federal law and 'a claim that has been made nonremovable by statute' may be removed to federal court if the action would have been removable absent the latter claim." *Landerman v. Tarpon Operating & Dev., L.L.C.*, 19 F. Supp. 3d 678, 684 (E.D. La. 2014) (quoting 28 U.S.C. § 1441(c)(1)). As provided in 1441(c)(2), after removal of such an action, "the district court *shall sever* from the action all claims [made

nonremovable by statute] and *shall remand* the severed claims to the State court from which the action was removed." *Id.* (emphasis added).

### III. Analysis

Plaintiff's suit includes claims under the Jones Act as well as claims for unseaworthiness and failure to pay maintenance and cure. Claims for unseaworthiness and maintenance and cure are traditional admiralty remedies governed by general maritime law. *Hinojosa v. Callan Marine Ltd.*, No. 3:22-CV-00233, 2022 WL 16857013, at *3 (S.D. Tex. Nov. 10, 2022), *report and recommendation adopted*, No. 3:22-CV-00233, 2022 WL 17342721 (S.D. Tex. Nov. 30, 2022). When filed in state court, general maritime claims may be removed if an independent basis for federal jurisdiction exists. *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 220 (5th Cir. 2013) ("[R]emoval of maritime cases is permissible as long as there is an independent basis for federal jurisdiction."). Jones Act claims, on the other hand, are expressly nonremovable and subject to remand. *Pelagidis v. Future Care, Inc.*, No. CV H-17-3798, 2018 WL 2221838, at *8 (S.D. Tex. May 15, 2018) ("The Jones Act incorporates the Federal Employers Liability Act, which makes claims under it nonremovable."); *Gregoire v. Enterprise Marine Servs., LLC*, 38 F. Supp. 3d 749, 765 (E.D. La. 2014) ("Jones Act claims are not subject to removal, even if the parties are diverse."); *Burchett*, 48 F.3d at 175 ("As a general rule, . . . Jones Act cases are not removable."). However, denial of remand is

permissible where a Jones Act claim is fraudulently pleaded. *Burchett*, 48 F.3d at 176.

Enermech's Notice of Removal and Response to Plaintiff's Motion to Remand assert that (1) OCSLA provides federal subject matter jurisdiction, making the general maritime claims removable; and (2) the Jones Act claims neither bar removal nor require remand because they are fraudulently pleaded. The Court addresses these claims in turn.

### A. Enermech has met its burden to prove federal jurisdiction exists and removal of the case was proper under Section 1441.

OCSLA grants exclusive subject matter jurisdiction to the federal courts over cases and controversies "arising out of, or in connection with . . . any operation conducted on the [O]uter Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf . . . ." 43 U.S.C. § 1349(b)(1). "A plaintiff does not need to expressly invoke OCSLA in order for it to apply." *Barker*, 713 F.3d at 213 (citation omitted). To determine whether a cause of action arises under OCSLA and therefore is within the subject matter jurisdiction of the federal courts, the Fifth Circuit applies a "but for" test. *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014). The but-for test asks whether: "(1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the

7

operation. *Id.* (quoting *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568-69 (5th Cir. 1994)).  "[G]eneral maritime cases may be removed if OCSLA jurisdiction applies." *Sam v. Laborde Marine, L.L.C.*, No. 4:19-cv-4041, 2020 WL 59633, at *2 (S.D. Tex. Jan. 6, 2020).

In its Notice of Removal, Enermech alleges that at all material times, the vessel on which Plaintiff was injured, the *Valaris DPS-5*, was located on the Outer Continental Shelf.  ECF 1 at 4 (¶ 16).  In addition, Enermech presents an Affidavit from Samuel Sanchez, the "Operations Manager for Mechanical Handling Services ("MHS") and Umbilical" for Enermech, stating that at the time of Plaintiff's injury on March 14, 2022, he was working in his capacity as an Enermech employee aboard the *Valaris DPS-5*.  ECF 14-1 at ¶¶ 2, 16, 21-22.  Sanchez also states in his Affidavit that:

> Valaris PLC is in the offshore drilling business.  On March 14, 2022 the *Valaris DPS-5* was located at approximately 28.37513 N, 89.07451 W, which is located on the Outer Continental Shelf of the United States in the Gulf of Mexico approximately 37.5 nautical miles due south of South Pass, Louisiana.

*Id.* at ¶ 23.  Plaintiff does not dispute the date of the injury, the site of the injury, that the *Valaris DPS-5* was involved in offshore drilling operations on the date of his injury, or that his work as an Enermech employee aboard the *Valaris DPS-5* "furthered the mineral development of the Outer Continental Shelf."  Thus, the record demonstrates that Plaintiff's claim "aris[es] out of or in connection with" the

type of "operation" giving rise to OCSLA jurisdiction. *See Barker*, 713 F.3d at 216 (finding that OCSLA jurisdiction was proper where "[t]he activity giving rise to [the] suit was installing casing in furtherance of oil and gas drilling on the Outer Continental Shelf."); *Sam*, 2020 WL 59633, at *3 ("A person employed to work on an OCS platform that furthers mineral development is engaged in an activity that satisfies the but-for test."). Accordingly, Enermech has met its burden to establish the existence of federal subject matter jurisdiction pursuant to OCSLA over Plaintiff's unseaworthiness and maintenance and cure claims.

Cases containing claims arising under the Constitution, laws, or treaties of the United States, within the meaning of section 1331, in addition to claims that are nonremovable by statute, "may be removed if the action would be removable without the inclusion of the [nonremovable] claim[.]" 28 U.S.C. § 1441(c)(1). Thus, Enermech's removal of the case from state court was proper pursuant to § 1441(c)(1). Accordingly, the Court RECOMMENDS that Plaintiff's Motion for Remand be DENIED.

    **B.    Plaintiff's Jones Act claims must be severed and remanded to state court under 28 U.S.C. § 1441(c).**

Section 1441(c)(2) requires the Court to sever nonremovable Jones Act claims and remand them to state court. 28 U.S.C. § 1441(c)(2). Enermech argues in its Letter Brief that the "safer and more efficient course" would be to deny remand as to all claims after conducting a summary inquiry that would demonstrate the Jones

9

Act claim is baseless.  ECF 19.  This same argument was addressed and dismissed in *Landerman v. Tarpon Operating and Development, L.L.C.*, No. 14-381, 19 F. Supp. 3d 678 (E.D. La., May 1, 2014).  In *Landerman*, the court found that it was "unnecessary to inquire into the merits of the plaintiff's Jones Act claim[.]" *Id*. at 685.  The court noted that the rationale for the rule allowing a court to pierce the pleadings to determine whether a nonremovable claim is fraudulently pleaded is that baseless claims should not be allowed to frustrate federal jurisdiction.  *Id*. at 685 (citing *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).  Here, as in *Landerman*, federal jurisdiction has not been defeated because OCSLA provides a basis for federal subject matter jurisdiction and Section 1441 allows the removal of "hybrid" cases containing a claim arising under federal law as well as a claim "that has been made nonremovable by statute." *Id*. at 684.  Like other courts that have addressed the removal and remand of "hybrid" claims, this Court declines to conduct a summary inquiry into the viability of the Jones Act claim because it is unnecessary for the exercise of federal jurisdiction in this case. S*ee, e.g.*, *Ashcraft v. Cantium*, No. 22-329-SDD-RLB, 2022 WL 4581053, at *6 (M.D. La. Sept. 7, 2022) ("Courts have held that an action involving OCSLA claims and Jones Act claims is such a hybrid case [under 28 U.S.C. 1441(c)(2)] that requires severance and remand of the Jones Act claims."), *report and recommendation adopted*, No. 22-329-SDD-RLB, 2022 WL 4543187 (M.D. La. Sept. 28, 2022); *Hsieh v. Apache Deepwater, LLC*,

No. 19-408-BAJ-JW, 2019 9899512, at *4, n.5 (M.D. La. Aug. 23, 2019) ("Because the Court severs and remands the Jones Act claim, it declines to address [the] contention that the claim was fraudulently pleaded." (citation omitted)); *Shultz v. Hercules Offshore, Inc.*, No. 1:14-CV-188, 2014 WL 2041282, at *3-*4 (E.D. Tex. May 15, 2014) ("this case is removable under [OCSLA] without regard to the viability of Shultz's Jones Act claim, thus an analysis of the validity of Shultz's maritime claims 'would serve no purpose.'" (citation omitted)).

Plaintiff, on the other hand, urges the Court to remand the entire case, reasoning that the "closely related" Jones Act, unseaworthiness and maintenance and cure claims "should remain together." ECF 18 at 2 (citing *Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 18-19 (1963)). Citing *Fitzgerald*, Plaintiff argues that significant and complicated problems arise for the attorneys, judge, and jury" when the claims are split. *Id.* at 3. *Fitzgerald* did not address remand of claims arising under federal law in order to keep them from being split from Jones Act claims. *Fitzgerald* addressed the issue of requiring Jones Act claims, which allow for trial by jury, to be split from a maintenance and cure claim, which as an admiralty claim, is tried to a judge. 374 U.S. at 19. The Supreme Court's holding in *Fitzgerald* is unequivocal:

> Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts. The seaman in this case was therefore entitled to a jury trial as of right on his maintenance and cure claim.

11

*Id*. at 21.  Here, Plaintiff is not prevented from submitting all his claims to a single federal court jury.  If he chose to, Plaintiff could waive his right to remand the Jones Act claim and it could be heard by the same jury that will hear the OCSLA and any other remaining claims.  However, Plaintiff is entitled to and has sought remand of the Jones Act claims.  The Court finds the holding of *Fitzgerald* inapposite to this case and RECOMMENDS that Plaintiff's Jones Act Claim be SEVERED from this action and REMANDED to state court.

**IV.    Conclusion and Recommendation**

For these reasons, the Court RECOMMENDS that Plaintiff's Motion to Remand (ECF 13) be DENIED; that Plaintiff's Jones Act claim be SEVERED from this cause and REMANDED to the state court from which it was removed; and that all other relief requested in Plaintiff's Motion to Remand be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 30, 2023, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge