UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

| | | |
|---|---|---|
| BUDDY MCDONALD | § | CIVIL ACTION NO: |
| | § | 4:23-cv-00126 |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| ENERMECH MECHANICAL SERVICES, | § | |
| INC. AND VALARIS PLC. | § | Judge Charles Eskridge |
| | § | |
| Defendant. | § | |

## ENSCO INTERNATIONAL, INC.'S ORIGINAL CROSSCLAIM FOR DEFENSE AND INDEMNITY

COME NOW, Cross-Plaintiff/Defendant Ensco International, Inc. (hereinafter "Ensco" or "Cross-Plaintiff"), hereby files its Original Crossclaim for defense and indemnity against Cross-Defendant EnerMech Mechanical Services, Inc. ("EnerMech" or "Cross-Defendant"), and in support thereof, would respectfully show the Court as follows:

### I.   PARTIES

1.   Cross-Plaintiff has previously made an appearance herein.

2.   Cross-Defendant is a business or other enterprise that has made an appearance herein and can be served through its counsel of record pursuant to Federal Rule of Civil Procedure 5.

### II.   JURISDICTION

3.   Pursuant to Federal Rules of Civil Procedure 13, the instant cross claim arises out of the occurrence that is the subject matter of the underlying case and does not require adding another party over whom this Honorable Court cannot acquire jurisdiction.

### III.   BACKGROUND

4. Cross-Plaintiff would show that the principal lawsuit filed by Plaintiff Buddy McDonald arises out of alleged injuries he purportedly sustained on or around March 14, 2022 while employed by EnerMech as a hydraulic technician (the alleged event(s) are collectively referred to hereafter as the "Incident") while aboard Ensco's Vessel.[1] Cross-Plaintiff refers to the pleadings in the underlying action for additional details surrounding Plaintiff's incident.

5. On or about March 8, 2018, Ensco International Incorporated (also referred to hereafter as "Company Group") and EnerMech (also referred to hereafter as "Contractor") entered into a Master Supply and Service Contract (the "MSSC" or "Contract").[2]

6. Per Section 1.4 of the MSSC, Ensco was part of the "Company Group" and EnerMech was the "Contractor" and a member of the "Contractor Group".

7. Per Section 10.1(a) of the MSSC, "Contractor [EnerMech] shall release, defend, indemnify, and hold harmless Company Group [Ensco] from and against any and all Claims arising out of; (i) personal or bodily injury, sickness, disease or death of any personnel of the Contractor Group [EnerMech]…arising from, relating to or in connection with the performance of this MSSC and/or any Order."

8. Section 10.8 of the MSSC explains that the terms "indemnify, defend, hold harmless" used in the MSSC mean, among other things, that "the indemnifying party is required to defend, indemnify, and hold harmless the indemnitee for Claims subject to such indemnity and assumption liability and that…the [p]arties intend that such indemnity and assumption of liability shall apply without limit and without regard to the causes(s) thereof" including the "negligence" of the indemnitee.

---

[1] *See* Plaintiff's Original Petition, attached hereto as <u>Exhibit A</u>.
[2] A true and correct copy of the MSSC is attached as <u>Exhibit B</u>.

9.  Section 10.8 of the MSSC also clarifies the scope of the MSSC's indemnity obligation, stating that "[t]he scope of any indemnity shall also, unless specifically provided otherwise, include the obligation to pay reasonable legal counsel fees, court costs, experts' fees, and other costs incurred by the indemnitor or indemnitee as a result of defending a Claim as required under this MSSC."

10. Section 10.9 of the MSSC further clarifies that the term "defend" used in the MSSC means, among other things, that "the obligation of the indemnitor (i) to defend the indemnitees at its sole expense or (ii) at the indemnitees' election, to reimburse the indemnitees for the indemnitees' reasonable expenses incurred in defending themselves."

11. Finally, Sections 12.1 and 12.2 of the MSSC require EnerMech to maintain insurance that insures Ensco against, inter alia, any liabilities, including claims for personal injury, contemplated by the MSSC. Additionally, EnerMech is required by the MSSC to name Ensco as an additional insured under all applicable policies of insurance that provide and/or may provide coverage for the claims asserted by Plaintiff.

### III. BREACH OF CONTRACT

12. Cross-Plaintiff incorporates the foregoing paragraphs by reference as if set forth verbatim herein.

13. Plaintiff was employed by EnerMech on the date of the Incident and was tasked with working as a technician aboard the Vessel. Pursuant to Paragraph 10.1 of the MSSC, EnerMech is required to release, defend, indemnify and hold Ensco harmless from and against any and all Claims arising out of; (i) personal or bodily injury, sickness, disease or death of any personal of the Contractor Group…arising from, relating to or in connection with the

performance of this MSSC and/or any Order." As such, Plaintiff's personal injury claims are covered by the MSSC and Ensco is also owed defense and indemnity.

14. Pursuant to Paragraph 12.1 and 12.2 of the MSSC, EnerMech was required to name Ensco as an additional insured under all applicable policies of insurance that provide and/or may provide coverage for the claims asserted by Plaintiff.

15. Pursuant to the Contract, Ensco tendered a demand for defense and indemnity as well as coverage as an additional insured to Ensco on January 30, 2023.[3] On March 20, 2023 and May 19, 2023, Ensco again demanded EnerMech honor its obligation to provide Ensco with defense and indemnity, as well as coverage as an additional insured, pursuant to the terms of MSSC with respect to Plaintiff's claims ("Tender Letter").[4] On July 18, 2023, Ensco renewed its demand to EnerMech to provide defense and indemnity, as well as additional insured coverage, pursuant to the terms of the MSSC.[5] On November 9, 2023, Ensco re-urged its demand to EnerMech for the fifth time to provide defense and indemnity as well as additional insured coverage.[6] At the same time, a request was made to provide the name of a senior executive from EnerMech to meet pursuant to Section 16.3 of the MSSC. No response to that request was ever provided. Ensco has complied with the provisions of the Contract with respect to asserting this cross-claim.

16. On February 14, 2024, EnerMech's counsel advised that he *recommended* acceptance of the demand for defense and indemnity. However, it was clear that this was not a

---

[3] A true and correct copy of the January 30, 2023 Tender Letter is attached as Exhibit C.
[4] A true and correct copy of the March 20, 2023 and May 19, 2023 Tender Letter is attached as Exhibit D.
[5] A true and correct copy of the July 18, 2023 Tender Letter is attached as Exhibit E.
[6] A true and correct copy of the November 9, 2023 Tender Letter is attached as Exhibit F.

formal acceptance from EnerMech. On February 27, 2024, a sixth demand was sent to EnerMech to fulfill its obligations to defend and indemnify Ensco.[7]

17. To date, EnerMech has not provided an answer to the Tender Letter and has otherwise failed to honor its obligations under the Contract.

18. Cross-Defendant's failure to defend and indemnify Cross-Plaintiff constitutes a breach of the Contract and caused harm to Cross-Plaintiff.

19. In particular, Cross-Plaintiff has incurred $37,793.00 in attorneys' fees and costs to date in defense of the claim in the principal matter and efforts to obtain defense and indemnity in this matter. It is anticipated Cross-Plaintiff will continue to incur fees and costs in this action.

20. EnerMech breached its duties under the MSSC by failing to pay for and/or reimburse Ensco for its attorneys' fees and costs incurred during its defense of the *McDonald* lawsuit. EnerMech has further breached its duties under the MSSC by failing to name Ensco as an additional insured pursuant to the terms of the MSSC.

21. Accordingly, by failing to defend and indemnify Ensco and/or to secure coverage as an additional insured for Ensco with respect to the claims asserted by Plaintiff in the principal action , EnerMech has breached the terms of the MSSC, and Ensco has suffered, and continues to suffer, damages as a result of EnerMech's breach.

## **PRAYER**

WHEREFORE, Cross-Plaintiff, Ensco International, Inc., respectfully prays that upon final hearing, this Court grants judgment in its favor on the Cross-Claim for Breach of Contract in its favor  and holds that Cross-Defendant, EnerMech Mechanical Services owes Cross-Plaintiff, Ensco International, Inc. defense and indemnity for the claims asserted against Ensco International, Inc. by the Plaintiff in the principal action, and/or has breached its obligations to

---

[7] A true and correct copy of the February 14, 2024, and February 27, 2024 Tender Letter is attached as Exhibit G.

secure coverage for Ensco International, Inc. as an additional insured for those same claims. Ensco International, Inc. further prays for judgment awarding all damages caused or attributed to the breaches by Cross-Defendant, including attorney's fees and costs of court incurred by Cross-Plaintiff in defense of the claims of the Plaintiff, and for such other and further relief, both general and special, in law or in equity, to which Cross-Plaintiff may be justly entitled.

                    Respectfully submitted,

*/s/ Kelly C. Hartmann*
Kelly C. Hartmann
  State Bar No. 24055631
  khartmann@gallowaylawfirm.com
Thomas J. Smith
  State Bar No. 00788934
  tsmith@gallowaylawfirm.com
Denise N. Lambert
  State Bar No. 24066400
  dlambert@gallowaylawfirm.com
Trenton J. Wallis
  State Bar No. 24113454
  twallis@gallowaylawfirm.com
GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
(713) 599-0700 – telephone
(713) 599-0777 – facsimile

**ATTORNEYS FOR DEFENDANT,
ENSCO INTERNATIONAL, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, and/or facsimile and/or certified mail, return receipt requested and/or U.S. First Class Mail to all known counsel of record on the 4th day of March, 2024.

*/s/ Trenton J. Wallis*
Kelly C. Hartmann
Thomas J. Smith
Denise N. Lambert
Trenton J. Wallis